NOT DESIGNATED FOR PUBLICATION

Nos. 116,993
116,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY D. RAVENSTEIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 3, 2017. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Defendant Kelly D. Ravenstein has appealed the order of the Saline County District Court revoking his probation and directing he serve the underlying prison sentences in two cases even though he had not previously been punished with any intermediate sanctions. The district court incorrectly characterized Ravenstein as an absconder and relied on that as the basis to bypass an intermediate sanction. We, therefore, reverse the probation revocation and remand with directions that the district court reinstate Ravenstein's probation.

1

Ravenstein pled guilty to theft in case No. 2015 CR 623 and burglary in case No. 2015 CR 848. Both crimes carried presumptive prison sentences, but the district court granted Ravenstein's request for dispositional departure. In January 2016, the district court placed Ravenstein on probation for 24 months with an underlying prison sentence of 39 months.

In April 2016, the State filed a motion to revoke Ravenstein's probation because he never reported to Community Corrections as directed. At the revocation hearing, Ravenstein stipulated to the failure to report. The district court revoked Ravenstein's probation on the grounds he absconded and ordered him to serve his underlying sentence. Ravenstein appealed and filed a motion for summary disposition under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). In the absence of any objection from the State, this court granted the motion.

If a defendant stipulates to a probation violation, we review the district court's disposition of that violation for abuse of judicial discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Typically, as provided in K.S.A. 2016 Supp. 22-3716(c), district courts must impose intermediate sanctions on defendants who have violated terms of their probation rather than ordering them to serve their underlying prison sentences. Only after an intermediate sanction has failed to impress upon a defendant the importance of adhering to the terms of probation may the district court revoke the probation and send the defendant to prison. But that statutory directive has several exceptions. Pertinent here, the

2

district court need not impose an intermediate sanction on a probationer who "absconds from supervision." K.S.A. 2016 Supp. 22-3716(c)(8)(B)(i). Absconding is not a statutorily defined term. But this court has held that absconding, as an exception to intermediate sanctions under K.S.A. 2016 Supp. 22-3716(c), requires the probationer to flee the jurisdiction or to take affirmative steps to hide from the authorities in addition to failing to report in conformity with the terms of probation. *State v. Huckey*, 51 Kan. App. 2d 451, 455, 348 P.3d 997 (2015). In short, a probationer's failure to report as directed does not make the probationer an absconder. 51 Kan. App. 2d at 455 ("[T]o show [a probationer] has absconded there must be evidence that [the probationer] did something more than fail to report.").

Here, Ravenstein stipulated that he failed to report as required by his probation. The State offered no evidence supplementing the stipulation to show that Ravenstein did anything more. Accordingly, the district court could not have found Ravenstein to be an absconder and could not have revoked his probation and ordered that he serve his prison sentence for that reason. The district court's decision deviated from the established legal framework for probation revocations by failing to follow the holding of *Huckey*, a published case and, thus, precedential authority binding on the district courts. The deviation constituted an abuse of discretion.

We, therefore, reverse the order revoking Ravenstein's probation and remand to the district court with the directions that it reinstate the probation, treat Ravenstein's incarceration on the revocation as an intermediate sanction, and otherwise proceed in conformity with this opinion.